**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | |
| OF THE UNITED STATES OF AMERICA ) | |
| FOR AN ORDER AUTHORIZING THE ) | No. 20-MJ-5049-MAS |
| INSTALLATION AND USE OF A ) | |
| SURVEILLANCE CAMERA ) | |

\* \* \* \* \*

### APPLICATION

1.  Comes the United States of America, by counsel, Assistant United States Attorney G. Todd Bradbury, and moves the Court, pursuant to 28 U.S.C. § 1651(a), to grant an order which:

(1) authorizes the installation and use for sixty days of a surveillance camera on a utility pole identified as LG&E and KU pole number 47310-16973 (located along Tamarack Dr. near the intersection with Garden Springs Drive, in Lexington, Fayette County, Kentucky). The approximate GPS Coordinates are 38.0249, -84.5452. The latitude/longitude coordinates of the pole location were obtained by law enforcement through utilization of GPS. Additionally, the ownership/utilization of this pole was confirmed through law enforcement contact with LG&E, the parent company of Kentucky Utilities. This pole is located approximately 100 feet from the residence of 2115 Tamarack Drive, Lexington Kentucky. An image of the property was obtained from Google Maps by Special Agent Michael Trueblood and the notations thereon were prepared by Special Agent Trueblood on February 11, 2020. The Google Earth image, with Special Agent Trueblood's notations, is attached to this application. Special Agent Trueblood has personally

1

viewed the property at 2115 Tamarack Drive, Lexington, Kentucky and surrounding property, and SA Trueblood submits that the image provided herewith from Google Earth is a fair and accurate representation of 2115 Tamarack Drive, Lexington, Kentucky;

(2) orders that LG&E and/or Kentucky Utilities and their agents and employees make no disclosure of the existence of the application and order for the installation of the surveillance camera unless authorized to do so by this Court; and

(3) seals this Application and the Court's orders pending further order of the Court.

2. In support of this Application, the United States submits the following, which is based on information collected during the DEA's investigation into Jose Nava-Ramirez and his criminal associates, both known and unknown, for violations of 21 U.S.C. § 841(a)(1), distribution of controlled substances, and 21 U.S. C. § 846, conspiracy to distribute controlled substances. It is also believed by law enforcement that Nava-Ramirez is using 2115 Tamarack Drive, Lexington, Kentucky to further his drug trafficking activities, and that video surveillance of the area, in view to the public, outside of the residence will yield information that is relevant to the ongoing criminal investigation. The location of a surveillance camera near 2115 Tamarack Drive, Lexington, Kentucky will have the ability to observe and record activity that would be observable to any citizen driving along Tamarack Drive or Garden Springs Drive, and/or parked at a neighboring residence.

3. The information set forth below was provided by DEA Special Agent Trueblood and other law enforcement officers. The information was derived from proffers, law enforcement reports and records, and physical surveillance of the subjects of this investigation. The information contained herein is not meant to be a complete recitation of the facts spanning the entire

investigation, and is to be used only to establish that the issuance of the pole camera is necessary and material to the on-going investigation. The factual basis below sets forth the pertinent information related to the request for authorization.

4. The information set forth below was provided by DEA Special Agent Trueblood and other law enforcement officers. The information was derived from proffers, law enforcement reports and records, and physical surveillance of the subjects of this investigation. The information contained herein is not meant to be a complete recitation of the facts spanning the entire investigation, and is to be used only to establish that the issuance of the pole camera is necessary and material to the on-going investigation. The factual basis below sets for the pertinent information related to the request for authorization.

5. Members of the DEA, in conjunction with members of the Lexington Police Department, have been investigating a drug trafficking organization (DTO) which is responsible for the distribution of cocaine, methamphetamine, and heroin throughout the Eastern District of Kentucky and other jurisdictions. During the course of this investigation, investigators identified Jose Nava-Ramirez as a supplier of controlled substances. Through law enforcement reports and surveillance of Nava-Ramirez, investigators determined that Nava-Ramirez frequently visits and/or utilizes the address at 2115 Tamarack Drive, Lexington, Kentucky, on a regular basis.

6. In December of 2019, investigators received intelligence from a qualified confidential informant (CI) who had provided accurate and reliable information in the past. The CI stated that Nava-Ramirez is one of the main suppliers of narcotics within the DTO. The CI was previously charged with narcotics offenses in the Eastern District of Kentucky and is cooperating in the ongoing investigation in an effort to reduce any sentence that may be imposed in the future.

Investigators had previously identified Nava-Ramirez as a narcotics trafficker within the DTO based on intelligence received from two additional qualified confidential informants who provided Nava-Ramirez's name and address. Investigators were able to corroborate the information provided by the CIs by conducting surveillance at 2115 Tamarack Drive, Lexington, Kentucky and observing Nava-Ramirez at the address. Information provided by the Cis has been independently corroborated and has proven to be credible and reliable.

7. Based on the aforementioned information, investigators conducted a trash-pull at 2115 Tamarack Drive, Lexington, Kentucky on January 16, 2020. Investigators examined the contents of one of the bags located in the trash receptacle, and found that it contained several rubber gloves and mail matter. Investigators observed a white, powdery residue on the rubber gloves. Based on their respective training and experience, investigators believed that the residue may be from a controlled substance. The gloves were field tested, using a reliable field test kit, and the results showed a presumptive positive for heroin, a Schedule I controlled substance. One piece of the mail matter collected from the bag was addressed to "Jose Nava" at 2115 Tamarack Drive, Lexington, Kentucky.

8. On February 5, 2020, at approximately 9:00 am, investigators were conducting surveillance and observed Jose Nava-Ramirez's 2009 Toyota truck, bearing KY registration 661YAX, parked at 2115 Tamarack Drive, Lexington, Kentucky. The vehicle is registered to "Jose Nava" with an address of 722 Charles Ave, Lexington, Kentucky. Investigators have observed Jose Nava-Ramirez at 722 Charles Ave, Lexington, Kentucky, on numerous occasions during surveillance in this investigation.

9. The property at 2115 Tamarack Drive, Lexington, Kentucky is described as a single-

story single family residence with a one-car attached garage at the front of the house. The utility pole to be utilized is further identified as LG&E/ Kentucky Utilities Pole number 47310-16973 (located along Tamarack Drive near the intersection with Garden Springs Drive), with approximate GPS Coordinates 38.0249, -84.5452. This pole is located approximately 100 feet from the residence of 2115 Tamarack Drive, Lexington, Kentucky. The residence at 2115 Tamarack Drive, Lexington, Kentucky is not surrounded by a fence or any other obstruction to prevent viewing by the general public of the activities occurring in and around the residence. The requested video surveillance camera (pole camera) will be used to monitor, capture, record, and review the activity, open to public view, occurring at or near 2115 Tamarack Drive, Lexington, Kentucky, including the comings and goings of Jose Nava-Ramirez and others. What the camera will observe is observable by the public as there is no privacy fence or any other obstruction protecting the area that will be observed. This activity could potentially be used to support evidence of drug trafficking pertaining to this investigation. The requested pole camera will not record inside any dwellings (aside from activity that may be occurring inside an open garage, viewable to the public) nor will it record any audio of conversations.

10. The video surveillance footage may also be used to develop potential co-conspirators and may also be used to support affidavits for search warrants for other locations for drugs, drug paraphernalia, drug records, or proceeds of the drug activities.

11. It is impractical for law enforcement to conduct physical surveillance of the area of 2115 Tamarack Drive, Lexington, Kentucky, due to the possibility of being identified by Jose Nava-Ramirez and/or by any of his criminal associates. The ability to conduct surveillance is limited to short term stationary surveillance, which is inadequate to assess the extent of potential criminal

5

activity or conduct prolonged surveillance without being compromised.

12.　　There is no reasonable expectation of privacy in the area surrounding 2115 Tamarack Drive, Lexington, Kentucky. In *United States v. Houston*, 813 F.3d 282, 287—88 (6th Cir. 2016), the Sixth Circuit held that, "[t]here is no Fourth Amendment violation, because [the defendant] had no reasonable expectation of privacy in video footage recorded by a camera that was located on top of a public utility pole and that captured the same views enjoyed by passerby on public roads." The Sixth Circuit noted there was no violation of the defendant's reasonable expectation of privacy "because the ATF agents had a right to access the public utility pole and the camera captured only views that were plainly visible to any member of the public who drove down the roads bordering the farm." *Id.* at 288. The Sixth Circuit further held that use of the pole camera surveillance for ten weeks "did not render the use of the pole camera unconstitutional, because the Fourth Amendment does not punish law enforcement for using technology to more efficiently conduct their investigations." *Id*. "[T]he long length of time of the surveillance does not render the video recordings unconstitutionally unreasonable, because it was possible for law enforcement to have engaged in live surveillance of the farm for ten weeks." *Id*. at 289. "[T]he ATF theoretically could have staffed an agent disguised as a construction worker to sit atop the pole or perhaps dressed an agent in camouflage to observe the farm from ground level for ten weeks." *Id*. "However, the Fourth Amendment does not require law enforcement to go to such lengths when more efficient methods are available." *Id*. "Moreover, if law enforcement were required to engage in live surveillance without the aid of technology in this type situation, then the advance of technology would one-sidedly give criminals the upper hand." *Id*. at 290. Even though no warrant is required, the United States requests that the Court issue an order to allow for

6

installation of the pole camera on the utility pole.

13.   A surveillance camera installed on an LG&E utility pole located near the residence would enable surveillance for the above described activity. The surveillance camera will not have the ability to record audio. The surveillance camera will only view what is visible with the naked eye from the public area at the residence.

14.   Officers of LG&E and/or Kentucky Utilities have the ability and technical expertise to install on the utility pole the following video camera(s) and signal communication devices, including accompanying supporting equipment and electrical power source(s):

(A) LG&E/Kentucky Utilities, LG&E/KU Pole number 47310-16973 (located along Tamarack Drive, near the intersection of Garden Springs Drive, and approximately 100 feet away from 2115 Tamarack Drive, Lexington, Kentucky), with approximate GPS Coordinates 38.0249, -84.5452.

15.   The device will capture video and upload that video to a secure internet connection monitored by law enforcement. The surveillance camera will not record audio. The surveillance equipment will be utilized to obtain video images of the foot and vehicle traffic near the residence for the purpose of observing the above described activity.

**WHEREFORE**, it is respectfully requested that this Court grant an order, which:

(A)   authorizes the installation and use for sixty (60) days of a surveillance camera and other equipment necessary for its operation on LGE/ Kentucky Utilities Pole number 47310-16973 (located along Tamarack Dr. near the intersection with Garden Springs Drive), with approximate GPS Coordinates 38.0249, -84.5452. This pole is located approximately 100 feet from the residence of 2115 Tamarack Drive, Lexington Kentucky. The surveillance camera shall not record

audio;

(B)  orders that LG&E and/or Kentucky Utilities and its agents and employees make no disclosure of the existence of the application and order for the installation of the surveillance camera and accompanying equipment unless and until authorized to do so by this Court; and

(C)  seals this Application and the Court's orders pending further orders of the Court.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

This the 21st day of February 2020.

Respectfully submitted,

By: **Signed remotely per FRCP 4.1.  See addendum.**
Michael Trueblood, Special Agent
Drug Enforcement Administration

By: **Signed remotely per FRCP 4.1.  See addendum.**
G. Todd Bradbury
Assistant United States Attorney

Subscribed and sworn to me this the 21st day of February 2020.

_____
HONORABLE MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

